RICHARDSON
*vs.*
PACKWOOD.

—◦•◦—

### RICHARDSON vs. PACKWOOD—*Ante p.* 290.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The defendant has applied for a rehearing, on the ground that he has a right to obtain the opinion of the court, on a bill of exceptions taken to the decision of the judge, *a quo*, refusing to transfer this case to the district court of the United States for the Louisiana district. There is no doubt but parties have a right to ask the opinion of the court on all questions necessary to a decision of the case in which they arise ; but, as that to which

*If a plea to the jurisdiction be not noticed in the argument in the supreme court, it is presumed to be abandoned.*

*The right to transfer a case to the district court of the U. States, must be claimed on the entering of appearance in the state court.*

*Jurisdiction once vested cannot be taken away by the act of either of the parties.*

East'n District.
May, 1823.

RICHARDSON
vs.
PACKWOOD.

our attention is now called, was not inserted by the appellant, in the points filed, nor noticed by his counsel in the very elaborate argument which they made on the merits, it was a necessary conclusion of this court, that an exception, which would have precluded any enquiry into the merits, was waved or abandoned.

On examining the record, we see nothing to induce us to believe, the appellant could derive any benefit from obtaining a rehearing. The act of congress which confers on a citizen of another state, sued in a state court, the right to transfer his case to the circuit or district court of the United States, (as the case may be) requires him to claim the right at the time of entering the appearance in the state court. In the present case, Packwood appeared, and answered in the month of June, and did not apply for a removal until the 16th January following.

This neglect is not cured by the allegation, that he claimed this right on his appearing to answer the supplemental petition, for the filing that petition did not make a new case, it was a continuation of that already commenced, and an amendment of the original petition, to which the defendant had appeared and answered.

Nor did it make the case of the appellant bet-
ter that he had become a citizen of New-York,
after the institution of the suit, it being a well
known principle of law, that jurisdiction once
vested cannot be taken away by the act of either
of the parties. 2 *Wheaton* 297.

The rehearing is therefore refused.